AO 10
Rev. 1/2012

# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2011

Report Required by the Ethics
in Government Act of 1978
(5 U.S.C. app. §§ 101-111)

| 1. Person Reporting (last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| Glenn, Paul M. | U.S. Bankruptcy Court, M.D.Fla | 05/14/2012 |

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) | 5a. Report Type (check appropriate type) | 6. Reporting Period |
|---|---|---|
| U.S. Bankruptcy Judge | ☐ Nomination  Date ☐ Initial  ☑ Annual  ☐ Final  5b. ☐ Amended Report | 01/01/2011 to 12/31/2011 |

**7. Chambers or Office Address**

300 North Hogan Street, Suite 4-204
Jacksonville, Florida 32202

***IMPORTANT NOTES:*** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Insert signature on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ **NONE** *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. Trustee | Trust (see Part VIII) |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☑ **NONE** *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. | |
| 2. | |
| 3. | |

| Name of Person Reporting | Date of Report |
|---|---|
| Glenn, Paul M. | 05/14/2012 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*

*(Dollar amount not required except for honoraria.)*

☐ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | 2011 | Catering for small groups |
| 2. | | |
| 3. | | |
| 4. | | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*

*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | American Bankruptcy Institute | March 10-12 | Tampa, Florida | panelist at seminar | reimbursement for transportation, food, and lodging. |
| 2. | Loss Executives Association | June 8-9 | Providence, Rhode Island | panelist at seminar | reimbursement for transportation, food, and lodging |
| 3. | The Florida Bar | June 22-24 | Orlando, Florida | Annual Meeting, panelist | reimbursement for transportation, food, and lodging |
| 4. | National Conference of Bankruptcy Judges | October 11-15 | Tampa, Florida | Annual Meeting, committee meetings | reimbursement for transportation, food, and lodging |
| 5. | The Florida Bar | November 3-4 | Tampa, Florida | panelist at seminar | reimbursement for transportation, food, and lodging |

| Name of Person Reporting | Date of Report |
|---|---|
| Glenn, Paul M. | 05/14/2012 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

[✔] NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

[ ] NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | Princeton University | loan | K |
| 2. | American Express | credit card | K |
| 3. | Merrill Lynch Mortgage Corp. | mortgage on rental property, Tallahassee, Florida (Pt. VII, line 11) | K |
| 4. | Bank of America | credit card | K |
| 5. | Merrill Lynch | margin loan | M |

| Name of Person Reporting | Date of Report |
|---|---|
| Glenn, Paul M. | 05/14/2012 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34–60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. Comcast Corp., common stock (Note 1) | A | Dividend | J | T | | | | | |
| 2. Chevron Corp., common stock (Note 1) | A | Dividend | J | T | | | | | |
| 3. ExxonMobil Corp., common stock (Note 1) | C | Dividend | M | T | | | | | |
| 4. Alcatel Lucent, common stock (Notes 1) | | None | J | T | | | | | |
| 5. Monsanto Co., common stock (Note 1) | A | Dividend | J | T | | | | | |
| 6. Pfizer Inc., common stk (Note 1) | A | Dividend | J | T | | | | | |
| 7. Wal Mart Stores, Inc., common stock (Note 1) | A | Dividend | K | T | | | | | |
| 8. Tallahassee, Fl., rental prop., appraisal 1/22/02 (Note 1) | E | Rent | M | Q | | | | | |
| 9. Merrill Lynch Cash Management Account, account (Note 1) | A | Interest | J | T | | | | | |
| 10. Bank of America, account | A | Interest | J | T | | | | | |
| 11. Lincoln Nat'l Life Ins. Co., Variable Annuity (Note 2) | | None | J | T | | | | | |
| 12. CMA Government Securities Fund | A | Dividend | J | T | | | | | |
| 13. SJM Realty Ltd. | D | Distribution | M | U | | | | | |
| 14. | | | | | | | | | |
| 15. | | | | | | | | | |
| 16. | | | | | | | | | |
| 17. | | | | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

I. POSITIONS.

Trustee. Effective January 1, 1980, [redacted] established a trust to hold and invest assets and provide support. My beneficial interest in each of the assets of the trust is listed on the Schedule of Investments and Trusts (Part VII). I am the sole trustee. I serve without compensation, and the time involved is minimal. The Code of Conduct for United States Judges provides that a Judge should not serve as trustee except of a trust for members of the Judge's family, and then only if such service will not interfere with the proper performance of judicial duties. This is a trust [redacted], and my service as trustee does not interfere with the performance of my judicial duties.

VII. INVESTMENTS AND TRUSTS.

Note 1. Assets denoted by "Note 1" report the value of my beneficial interest in assets held in the trust described above.

Note 2. This is a variable annuity contract that is held in an individual retirement account.

| Name of Person Reporting | Date of Report |
|---|---|
| Glenn, Paul M. | 05/14/2012 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: **s/ Paul M. Glenn**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544